UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:13-CR-00009-SEB-TAB |
| | ) | |
| JUSTIN COLE, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On May 19, 2026, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on May 6, 2026.  Defendant Cole appeared in person with his appointed FCD counsel Gwendolyn Beitz.  The government appeared by Samantha Spiro, Assistant United States Attorney.  U.S. Parole and Probation appeared by Officer Martin Burtt.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.      The Court advised Defendant Cole of his rights and ensured he had a copy of the Petition.  Defendant Cole orally waived his right to a preliminary hearing.

2.      After being placed under oath, Defendant Cole admitted Violation No. 1 as set forth in the Petition.  [Dkt. 59.]   Government orally moved to dismiss the remaining violations, which motion was granted by the Court; Violation No. 2 was dismissed.

3.      The allegations to which Defendant admitted, as fully set forth in the Petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall not have unsupervised meetings, activities, or visits, or intentional communications with any minor unless they have been disclosed to the probation officer and approved by the court. You shall not have supervised meetings, activities, visits, or intentional communications with any minor unless they have been approved by the probation officer. Before you may request approval for such meetings, activities, visits, or intentional communications (unsupervised or supervised), you must notify the person(s) having custody of any such minor(s) about the conviction in this case and the fact that you are under supervision."** |

As previously reported to the Court, on March 13, 2026, Mr. Cole disclosed to the probation officer he had contact with two minor boys for approximately two hours at his residence on March 10, 2026.

Additionally, on April 13, 2026, it was learned from the mother of the aforementioned children Mr. Cole had contact with the boys in approximately February 2025 when he arrived at her home for a birthday party. As it pertains to the March 2026 contact, it was reported Mr. Cole played with balls with the children. He had not been approved by the probation officer to have contact with minor children.

4.    The Court finds that:

(a)    The highest grade of violation is a Grade C violation.

(b)    Defendant's criminal history category is I.

(c)    The advisory range of imprisonment applicable upon revocation of supervised release, therefore, is 3 to 9 months' imprisonment.

5.    The parties jointly recommended a sentence of 9 months incarceration, with 30 months of supervised release to follow.  Defendant requested placement at FCI Elkton, Ohio.

The Magistrate Judge, having considered the relevant factors set forth in 18 U.S.C. § 3553(a), *see* 18 U.S.C. § 3583(e), and as more fully set forth on the record, finds that the Defendant violated the conditions set forth in Violation No. 1 of the Petition, and recommends that Defendant's supervised release be revoked, and that Defendant be sentenced to the custody

2

of the Attorney General or her designee for a period of 9 months incarceration, with 30 months

of supervised release to follow. The Magistrate Judge further recommends Defendant's

placement at FCI Elkton, Ohio, if such is determined to be an appropriate facility.

In addition to the mandatory conditions of supervision, the following conditions of

supervised release should be imposed upon the re-imposition of supervised release:

1. You shall report to the probation office in the judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

    Justification: Conditions 1 - 13 are considered administrative in nature, and will enable the probation officer to effectively supervise the offender within the community.

14. You shall not have unsupervised meetings, activities, or visits, or intentional communications with any minor unless they have been disclosed to the probation officer and approved by the court. You shall not have supervised meetings, activities, visits, or intentional communications with any minor unless they have been approved by the probation officer. Before you may request approval for such meetings, activities, visits, or intentional communications (unsupervised or supervised), you must notify the person(s) having custody of any such minor(s) about the conviction in this case and the fact that you are under supervision.

15. You shall not be employed in any position or participate as a volunteer in any activity that involves unsupervised meetings, intentional communications, activities, or visits with minors except as disclosed to the probation officer and approved by the court.

16. You shall not enter or remain at a place for the primary purpose of observing or contacting children under the age of 18.

17. You shall not possess any child pornography or visual depictions of child erotica or nude minors. Any such material found in your possession shall be considered contraband and will be confiscated by the probation officer.

18. You shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The treatment provider should determine the type and timing of such polygraph examinations. The court authorizes the release of the presentence report and available psychological evaluations to the treatment provider, as approved by the probation officer.

19. You shall consent, at the direction of the probation officer, to having installed on your computer(s), telephone(s), electronic devices, and any hardware or software, systems to monitor your use of these items. Monitoring will occur on a random and/or regular basis. You will warn other occupants or users of the existence of the monitoring

hardware or software. To promote the effectiveness of this monitoring, you shall disclose in advance all cellular phones, electronic devices, computers, and any hardware or software to the probation officer and may not access or use any undisclosed equipment.

20. You shall not participate in unsupervised meetings, intentional communications, activities, or visits with persons you know to be a registered sex offender or to have been convicted of a felony sex offense involving an adult or minor, including any child pornography offense, except as disclosed to the probation officer and approved by the court. This condition is not intended to prevent you from participating in treatment programs or religious services with felons in such programs/services so long as the activity has been disclosed as described above.

21. You shall not possess or use a gaming console with Internet capabilities or which may otherwise enable you to have contact with other players or participants whom you know to be under age 15.

Conditions 14 - 21 are recommended given the nature of the instant offense, to both protect the community, and reduce the risk of recidivism. Additionally, these conditions will ensure compliance with both supervision conditions, and treatment goals.

22. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

Justification: Given the nature of this violation, paired with the nature of the instant offense, this condition is necessary to ensure protection of the community by allowing the probation officer to investigate reasonable suspicion the offender is engaged in criminal behavior, or violation conduct.

23. You shall provide the probation officer access to any requested financial information and shall authorize the release of that information to the U.S. Attorney's Office for use in connection with the collection of any outstanding fines and/ or restitution.

Justification: This condition will assist the probation officer in verifying the legitimacy of the offender's income.

5

Defendant Cole reviewed the above noted conditions with his counsel. Defendant, on the record, waived reading of the above noted conditions of supervised release.

The Defendant was to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.

The parties waived the fourteen-day period to object to this Report and Recommendation.

Dated:  22 MAY 2026

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana


Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system